IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AIA AMERICA, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 15-9234 |
| | ) |
| ARCHER PHARMACEUTICALS, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

In 2008, plaintiff AIA America, Inc. ("AIA") and defendant Archer Pharmaceuticals, Inc. ("Archer") entered into an agreement ("Royalty Agreement"). Under the Royalty Agreement, AIA granted Archer a license to specific patents AIA owned in exchange for millions of dollars Archer was to pay in royalty payments. Specifically, the Royalty Agreement called for Archer to pay AIA a $1,000,000 signing fee upon execution. However, in lieu of actual payment, the Royalty Agreement provided that Archer could execute a promissory note, agreeing to pay AIA at a later date. A form promissory note was attached as Exhibit A to the Royalty Agreement ("Form Promissory Note").

The Royalty Agreement also required Archer to pay a yearly $125,000 license maintenance fee, but similarly allowed Archer to execute a promissory note using the Form Promissory Note. To that end, Archer executed three promissory notes in favor of AIA—one for $1,000,000, and two for $125,000 ("Promissory Notes"). Each of the executed Promissory Notes mirrors the Form Promissory Note, which names Kansas as the forum for disputes. In contrast, the Royalty Agreement names Philadelphia as the forum for disputes.

In April 2014, Archer sued AIA in the Court of Common Pleas of Philadelphia County, Pennsylvania, claiming that AIA fraudulently induced Archer to enter into the Royalty Agreement

("Pennsylvania Case").[1]  AIA removed the Pennsylvania Case to the United States District Court for the Eastern District of Pennsylvania, Case No. 2:15-cv-03641.  On July 29, 2015, Archer moved to remand the Pennsylvania Case.  Archer's motion to remand currently remains pending before the Pennsylvania district court.

In August 2015, AIA initiated this action for sums allegedly owed by Archer on the three Promissory Notes (the "Kansas Case").  Archer filed a Motion to Dismiss, Stay or, in the Alternative, to Transfer (Doc. 7), which is currently before the court.  In its motion, Archer argues that litigation over the Promissory Notes is parallel to the action over the Royalty Agreement and involves substantially similar claims arising out of the same factual circumstances.  Archers claims that, as a result, this court should abstain from hearing the matter under *Colorado River*[2] and should transfer the case to Pennsylvania.  The court disagrees.

### 1. *Colorado River* is Inapplicable

In *Colorado River*, the Supreme Court provided a basis for federal court abstention in deference to a parallel state court proceeding, based on factors such as the inconvenience of the federal forum, the desire to avoid piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. *See Colorado River*, 424 U.S. at 818 (1976).  The balance of these factors is heavily weighted in favor of the exercise of federal jurisdiction, and "only the clearest of justifications will warrant dismissal." *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (quoting *Colorado River*, 424 U.S. at 818–19).

Archer's *Colorado River* argument fails because there is no pending state action.  The Pennsylvania Case is not a state action because AIA (and the other defendants) removed the case to

---

[1] The Pennsylvania Case is captioned *Roskamp Institute, Inc., et al. v. Alzheimer's Institute of America, Inc., et al.*, Case No. 140402014.

[2] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).

federal court. Now removed, the Pennsylvania Case is a federal action unless and until remand, and thus there is no basis for *Colorado River* abstention.

Moreover, while the court agrees that the Pennsylvania and Kansas Cases are related, the two are not parallel. The Pennsylvania Case involves plaintiffs and defendants that are not parties to the Kansas Case, and Archer's claim that AIA fraudulently induced the Royalty Agreement is different and distinct from AIA's claim that Archer did not perform under the Promissory Notes.

### 2. The Forum Selection Clause is Enforceable

Archer argues that the Kansas Case should be transferred to Pennsylvania, but Archer fails to show why the Kansas forum selection clause should not be enforced. A party resisting enforcement of a forum selection clause carries a "heavy burden" of showing that enforcement would be unreasonable and unjust. *Herr Indus., Inc. v. CTI Sys., SA*, No. 14-1232-JWL, 2015 WL 3670686, at *7 (D. Kan. June 12, 2015) (citing *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992)). To overcome the presumption that a forum selection provision is valid, a party must make "a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice." *Teran v. GB Intern., S.P.A.*, 920 F. Supp. 2d 1176, 1183 (D. Kan. 2013) (quoting *Riley*, 969 F.2d at 958). Or, "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," a forum-selection clause may not be enforced. *Enriquez v. Seaton, LLC*, No. 13-1474-RDR, 2014 WL 791161, at *2 (D. Kan. Feb. 27, 2014) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

Archer has presented no exceptional circumstances warranting the transfer of this case to Pennsylvania. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (stating that "a valid forum-selection clause [should be] given controlling weight in all but the

-3-

most exceptional cases."). The court recognizes that Archer's initial obligation to pay the signing fee and annual maintenance fees arose under the Royalty Agreement, but the parties specifically contemplated that Archer could satisfy *those* obligations by replacing them with a *new* set of obligations—the Promissory Notes. AIA bargained for more favorable terms in the event that 1) Archer failed to fulfill its payment obligations under the Royalty Agreement and 2) then failed to keep its promises of payment. AIA legitimately expected that, if Archer breached the Promissory Notes, it could pursue collection in its home state of Kansas. And given that the Kansas forum selection clause was included in the Form Promissory Note and the Promissory Notes themselves, the court believes that Archer's expectation was the same. The court finds that the forum selection clause was bargained for by the parties, and enforcing the forum selection clause protects the parties' legitimate expectations and furthers the interests of the justice system. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring).

**IT IS THEREFORE ORDERED** that Archer's Motion to Dismiss, Stay or, in the Alternative, to Transfer (Doc. 7) is denied.

Dated this 9th day of November, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**